UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **BRENDA MOORE, RE: THE SUCCESSION OF EDDIE LEE MOORE a/k/a PHIL MOORE PROBATE NO: 4274** | * | **CIVIL ACTION NO. 12-0364** |
| **VERSUS** | * | **JUDGE ROBERT G. JAMES** |
| **THE FOURTH DISTRICT COURT MOREHOUSE PARISH, ET AL.** | * | **MAG. JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

The District Court referred this matter to the undersigned magistrate judge for review and report and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing order(s) of the Court. For reasons that follow, it is recommended that plaintiff's complaint be **DISMISSED**.

Background

On February 6, 2012, pro se plaintiff Brenda Moore filed the instant civil rights action against defendants, the Louisiana Supreme Court; the Louisiana Court of Appeal for the Second Circuit (sometimes referred to in the complaint and attachments as "The Second Circuit Court of Appeal" or the "Louisiana Court of Appeals"); the Fourth Judicial District Court for the Parish of Morehouse (referred to in the complaint as "Fourth District Court Morehouse Parish"); Attorney Amy Ellender; Attorney James Yeldell (incorrectly referred to in the caption and body of the complaint as "James Yendell"); Frank Moore, Sr.; Elnora Thomas; and Scott Leehy.[1] From what

---

[1] The Clerk of Court collected these defendants from plaintiff's complaint and the attachment to the Civil Cover Sheet.

the court may discern from the complaint, plaintiff seeks to collaterally challenge the disposition of her ongoing Louisiana state court petition by asserting that all three levels of the state court system, the state district court judge, plus others, violated her constitutional rights under the 14th and 15th Amendments. Plaintiff seeks a judgment that reverses or reforms her father's 1972 succession proceedings to place her in possession of her father's immovable property, plus $50,000 in damages. *See* Compl., and Civil Cover Sheet. On February 13, 2012, the court granted plaintiff's application to proceed *in forma pauperis* ("IFP"). (Feb. 13, 2012, Order).

## Analysis

In any case where the court has authorized the plaintiff to proceed IFP, the court, at any time, shall dismiss a defendant against whom the action: proves patently frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief that is barred by a defense of immunity. *See* 28 U.S.C. 1915(e)(2)(B) & (C). The court may screen the complaint and enter such dismissals, *sua sponte*. *See e.g., Allard v. Quinlan Pest Control Co., Inc.*, 387 Fed. Appx. 433, 440 (5th Cir. July 13, 2010) (unpubl.); *Chapman v. Arlington Housing Authority*, 145 Fed. Appx. 496 (5th Cir. Oct. 12, 2005) (unpubl.). In so doing, the court may consider affirmative defenses that are apparent from the record. *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). The court also is authorized to review a complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), and dismiss *sua sponte* plaintiff's claims against a defendant on the basis of Eleventh Amendment immunity. *See Thomas v. Texas Dept. of Family and Protective Services*, 427 Fed. Appx. 309 (5th Cir. June 02, 2011) (unpubl.).[2]

---

[2] An early determination of the merits of an IFP complaint provides significant benefit to courts (because it permits effective and efficient use of scarce resources), to defendants (because it frees them from the burdens of patently meritless and harassing litigation), and to plaintiffs

I.   **Standards of Review**

   a)   **Subject Matter Jurisdiction**

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers local 6 Pension Fund*, 81 F.3d 1182, 1187 (2nd Cir. 1996)). The party seeking to invoke jurisdiction bears the burden of demonstrating its existence. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). "[T]here is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court." *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996) (citation omitted).

"Attacks on subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) come in two forms: 'facial attacks' and 'factual attacks.'" *Garcia v. Copenhaver, Bell & Assics., M.D.'s, P.A.*, 104 F.3d 1256, 1260-1 (11th Cir. 1997) (citing *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-9 (11th Cir. 1990); *see Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1981). Facial attacks on the complaint "require the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in [the] complaint are taken as true for purposes of the motion." *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980).

   b)   **Failure to State a Claim Upon Which Relief Can Be Granted and 42 U.S.C. § 1983**

The Federal Rules of Civil Procedure sanction dismissal where the plaintiff fails "to state

---

(because courts will have the time, energy and inclination to give meritorious claims the attention they need and deserve). *See Ali, supra*.

a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). A pleading states a claim for relief when, *inter alia*, it contains a "short and plain statement . . . showing that the pleader is entitled to relief . . ." Fed.R.Civ.P. 8(a)(2). To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007)). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. *Plausibility* does not equate to *possibility* or *probability*; it lies somewhere in between. *See Iqbal, supra*. Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *See Twombly*, 550 U.S. at 556, 127 S.Ct. at 1965. Although the court must accept as true all factual allegations set forth in the complaint, the same presumption does not extend to legal conclusions. *Iqbal, supra*. A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id*. "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 155 (5th Cir. 2010).

     Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. (citation omitted). A well-pleaded complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable, and that recovery is unlikely. *Twombly, supra*. Nevertheless, a court is compelled to dismiss an otherwise well-pleaded claim if it is premised

upon an invalid legal theory. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827 (1989).

When considering a motion to dismiss, courts generally are limited to the complaint and its proper attachments. *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (citation omitted). However, courts may rely upon "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Id*. Additional documents also are considered "part of the pleadings," if plaintiff refers to them in his complaint, and they are central to his claim. *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000) (citations omitted).

"To state a claim under § 1983, a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Leffall v. Dallas Independent School District*, 28 F.3d 521, 525 (5th Cir. 1994). Moreover, a plaintiff "must establish that the defendant was either personally involved in the deprivation or that his wrongful actions were causally connected to the deprivation." *James v. Texas Collin County*, 535 F.3d 365, 373 (5th Cir. 2008). Thus, a successful § 1983 claim "must enunciate a set of facts that illustrate the defendants' participation in the wrong alleged." *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986).

Before proceeding further, the court pauses to summarily dispatch with plaintiff's contention that defendants violated her constitutional rights under the Fifteenth Amendment. The plain language of the Fifteenth Amendment ensures the right of citizens to vote regardless of their race, color, or previous condition of servitude. U.S. CONST., XV AMEND. Here, there are no factual allegations that any defendant thwarted plaintiff's right to vote. In fact, plaintiff

resides in California, while all of the defendants either reside in Louisiana or are deceased. Accordingly, the complaint plainly fails to state a claim for an alleged violation of the Fifteenth Amendment.

II. **The Louisiana Court of Appeal for the 2nd Circuit and the 4th Judicial District Court for the Parish of Morehouse are not Cognizable Entities Suable under Louisiana Law**

Subject to several exceptions not applicable here, Rule 17(b) of the Federal Rules of Civil Procedure provides that capacity to sue or be sued is determined "by the law of the state where the court is located . . ." Fed.R.Civ.P. 17(b)(3). Under Louisiana law, an entity must qualify as a "juridical person" before it may be sued. *Hunt v. Town of New Llano*, 930 So.2d 251, 254, (La. App. 3d Cir. 2006) (citations omitted). A "juridical person" is defined by the Louisiana Civil Code as ". . . an entity to which the law attributes personality, such as a corporation or partnership." La. Civ. Code Art. 24.

At least one federal court has held that a Louisiana court of appeal is not a juridical person or entity capable of being sued. *Ormond v. Louisiana*, 2009 WL 6419040 (E.D. La. Dec. 22, 2009). Further, this court has recognized, on more than one occasion, that Louisiana's Fourth Judicial District Court is not a juridical person or entity capable of being sued. *See e.g., Brown v. Noel*, 2010 WL 2682464 (W.D. La. May 7, 2010). Consequently, the Louisiana Court of Appeal for the Second Circuit and the Fourth Judicial District Court for the Parish of Morehouse are not proper defendants in this action, and plaintiff's claims against them must be dismissed, with prejudice. *See Darby v. Pasadena Police Dept.*, 939 F.2d 311 (5th Cir. 1991) (affirming district court's dismissal, with prejudice, of defendant that could not be sued as an independent entity).

III. **The Louisiana Supreme Court is entitled to Eleventh Amendment Immunity from**

**Suit in Federal Court**

It is well settled that

> [t]he Eleventh Amendment to the United States Constitution bars suits in federal court by citizens of a state against their own state or a state agency or department. Claims under federal statutes do not override the Eleventh Amendment bar unless there is a clear showing of congressional intent to abrogate the bar. Section 1983 does not override the Eleventh Amendment bar.

*Darlak v. Bobear*, 814 F.2d 1055, 1059 (5th Cir. 1987) (citation omitted).

The Eleventh Amendment bars suits for both money damages and injunctive relief against a state entity. *Id*. It also precludes state law claims brought against the State and its departments (in federal court). *Richardson v. Southern University*, 118 F.3d 450, 453 (5th Cir. 1997).

The Louisiana Supreme Court is a branch of Louisiana's government, and thus enjoys Eleventh Amendment immunity from suit in federal court. *Jefferson v. Louisiana State Supreme Court*, 2002 WL 1973897, *1 (5th Cir. 2002) (unpubl.) (citations omitted). Accordingly, the court lacks jurisdiction to entertain plaintiff's action against said defendant. *Warnock v. Pecos County, Tex.*, 88 F.3d 341 (5th Cir. 1996) (citing Fed.R.Civ.P. 12(b)(1)).

**IV.  Plaintiff's Complaint Fails to State a Claim against Judge Scott Leehy and/or the Court Lacks Subject Matter Jurisdiction to Entertain the Claim**

    **a)  Judge Leehy is Entitled to Judicial Immunity as to Plaintiff's Claims Against him in his Individual Capacity**

It is well settled that "[j]udicial officers are entitled to absolute immunity from claims for damages arising out of acts performed in the exercise of their judicial discretion." *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir.1994); *see also Krueger v. Reimer*, 66 F.3d 75, 76-77 (5th Cir.1995) (*per curiam*); *Graves v. Hampton*, 1 F.3d 315, 317 (5th Cir.1993), abrogated on other grounds by *Arvie v. Broussard*, 42 F.3d 249 (5th Cir.1994). "A judge is absolutely immune from

liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors." *Stump v. Sparkman*, 435 U.S. 349, 359, 98 S.Ct. 1099, 1106 (1978); *Brandley v. Keeshan*, 64 F.3d 196, 200-201 (5th Cir.1995), *cert. denied*, 516 U.S. 1129 (1996). Judicial immunity is an immunity from suit and not just from the ultimate assessment of damages. *Mireles v. Waco*, 502 U.S. 9, 11, 112 S.Ct. 286 (1991). "Although unfairness and injustice to a litigant may result on occasion, 'it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'" *Id.* at 10, 112 S.Ct. 286 (citation omitted).

  Judicial immunity is a matter of policy and is necessary because, as aptly demonstrated by the case *sub judice*, a judge ". . . should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption [and] [i]mposing such a burden on judges would contribute not to principled and fearless decision making but to intimidation." *Pierson v. Ray*, 386 U.S. 547, 554, 87 S.Ct. 1213, 1218 (1967). Consequently, judicial immunity cannot be overcome even by allegations of bad faith or malice; such immunity "applies even when the judge is accused of acting <u>maliciously and corruptly</u>." *Id.* at 11, 112 S.Ct. 286 (internal quotation marks and citation omitted). Indeed, judicial immunity applies even if the judge's challenged actions deprived a criminal defendant of due process. *See Price v. Porter*, 351 Fed. Appx. 925 (5th Cir. Nov. 2, 2009) (unpubl.) (citing supporting cases). In determining whether a judge is entitled to immunity, "[i]t is the Judge's actions alone, not intent, that we must consider." *Malina v. Gonzales*, 994 F.2d 1121, 1125 (5th Cir.1993).

  Judicial immunity can only be defeated by showing that the judge's actions were of a

non-judicial nature or that he acted in the complete absence of jurisdiction. *Mireles*, 502 U.S. at 11-12, 112 S.Ct. at 288. Courts use the "functional" approach in deciding whether an act is judicial for purposes of immunity. *Cleavinger v. Saxner*, 474 U.S. 193, 201-02, 106 S.Ct. 496 (1985). The issue of "immunity analysis rests on the status of the defendant. Absolute immunity flows not from rank or title or 'location within the Government,' but from the nature of the responsibilities of the individual official." *Id.* In deciding whether absolute judicial immunity applies, a court should consider the nature of the act taken, namely whether it is a function normally performed by a judge, and the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity. *Stump*, 435 U.S. at 362.

In determining whether the complained of actions were non-judicial in nature, that is to say, whether the judge acted outside the scope of his judicial capacity, the court should consider a variety of factors: (1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity. *Malina*, 994 F.2d at 1124 (citation omitted). These factors must be broadly construed in favor of immunity. *Id.*

Plaintiff herein makes several allegations against Judge Leehy. She alleges, for instance, that despite having provided Judge Leehy with ample evidence that a 1972 Judgment of Possession was fraudulent and entered with lack of requisite notice to plaintiff's mother, Judge Leehy refused to set aside the succession. Plaintiff further alleges that Judge Leehy would not set the matter for hearing. She also contests Judge Leehy's appointment of Amy Ellender as curator

for the absent and/or deceased defendants (in the state court proceeding) on the grounds that the appointment created a conflict of interest because Ellender is the spouse of another sitting judge of the 4th Judicial District Court. Plaintiff adds that Judge Leehy unfairly favored the curator by permitting her to file late pleadings and awarding her almost $2,000 in fees and costs.

It is manifest, however, that the foregoing allegations contest Judge Leehy's handling of pretrial matters, which normally constitute judicial functions. Louisiana law specifically authorizes the judge to appoint an attorney at law to represent a non-resident or deceased defendant. La. Code Civ. P. Art. 5091. The court also is authorized to allow the appointed attorney a reasonable fee for services. La. Code Civ. P. Art. 5096. Louisiana law further accords authority to the judge to prescribe the procedure for assigning cases for trial. La. Code Civ. P. Art. 1571. In fact, plaintiff attached to her complaint a copy of an order signed by Judge Leehy wherein he stated that, at plaintiff's request, he remained ready to fix the matter for trial. (Aug. 18, 2011, Per Curiam, Compl., Ech. Pg. 111).

The undersigned emphasizes that all of the challenged actions by Judge Leehy occurred either in the courtroom or adjunct spaces; the controversy centered around a case pending before him; and the acts arose out of the judge's handling of a case in his official capacity. *See Malina, supra*. Broadly construing the relevant factors, the undersigned readily concludes that Judge Leehy is entitled to judicial immunity from plaintiff's claims against him in his individual capacity. *See Hosseini v. Sharp*, 216 Fed. Appx. 392 (5th Cir. Oct. 24, 2006) (judge did not lose immunity by discussing proceedings with litigant in chambers); *Tatum v. Giarruso*, 347 F. Supp. 2d 324 (E. D. La. 2004) (judge entitled to immunity where all four factors pointed to conclusion that she was acting in her judicial capacity); *Mireles supra* (judge entitled to immunity when he

ordered police officers to bring an attorney before the judge).

> **b)** **Plaintiff's Official Capacity Claims Against Judge Leehy are Subject to Dismissal Pursuant to the Eleventh Amendment for Lack of Subject Matter Jurisdiction**

Insofar as plaintiff sued Judge Leehy in his official capacity, it is manifest that official capacity suits, "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 166, 105 S.Ct. 3099, 3105 (1985) (citing, *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690, n. 55, 98 S.Ct. 2018, 2035, n. 55 (1978)). Thus, "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id*.

As state court judges are agents or officers of the State of Louisiana, claims against them in their official capacity are barred by the Eleventh Amendment. *See Waldrop v. Bethancourt*, 2010 WL 3312501 (E.D. La. July 21, 2010); *Whittington v. Maxwell*, 2009 WL 1651535 (W.D. La. June 10, 2009); *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 1212 (1989); and *Thomas v. Texas Dept. of Family and Protective Thomas v. Texas Dept. of Family and Protective Services*, 2011 WL 2161909 (5th Cir. June 2, 2011) (unpubl.) (citations omitted). Accordingly, the court lacks jurisdiction to entertain plaintiff's action against said Judge Leehy in his official capacity.

**IV. Amy Ellender is Immune from Suit for Actions Taken in her Capacity as a Court-Appointed Curator ad hoc**

Plaintiff alleges that Amy Ellender, as a court-appointed curator ad hoc (for the non-resident and/or deceased defendants named by plaintiff in her state court action): needlessly increased the cost of litigation; filed late pleadings; delayed notifying relatives of the deceased

defendants of the pendency of the proceedings, and unlawfully claimed almost $2,000 in fees and costs for her services.

The court observes, however, that plaintiff's allegations against Ellender stem from her duties as a court-appointed curator ad hoc. As such, she necessarily functioned as an agent of the court and enjoys absolute quasi-judicial immunity for those activities which are integrally related to the judicial process. *See Cok v. Cosentino*, 876 F.2d 1, 3 (1st Cir. 1989) (and cases cited therein) (discussing immunity for guardian ad litem); *see also Gaddis v. United States*, 381 F.3d 444 (5th Cir. 2004) (citing *Cok v. Cosentino's* finding that guardians ad litem are entitled to quasi-judicial immunity).

**V.     Plaintiff Fails to State a Claim Against Attorney James Yeldell; Frank Moore, Sr.; and Elnora Thomas**

As stated previously, to state a claim under 42 U.S.C. § 1983, plaintiff must show not only that she suffered the deprivation of a specific right secured by the Constitution of the United States, she also that the deprivation was committed by "a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 2254-55 (1988); *Leffall, supra*; *Resident Council of Allen Parkway Village v. United States Dep't of Hous. & Urban Dev.,* 980 F.2d 1043, 1050 (5th Cir. 1993). In other words, the party charged with the constitutional deprivation must be a person who may fairly be said to be a state actor. *Ballard v. Wall*, 413 F.3d 510, 518 (5th Cir. 2005) (citation omitted). "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful.*" Richard v. Hoechst Celanese Chemical Group, Inc.*, 355 F.3d 345, 352 (5th Cir. 2003) (quoted source omitted).

Plaintiff contends that in 1972, Frank Moore Sr. and Elnora Thomas conspired with their

attorney James Yeldell to obtain a judgment that granted them possession of certain immovable property in Morehouse, as the sole heirs of plaintiff's deceased father Eddie Lee (Phil) Moore. *See* Petition and Judgment of Possession; Compl., Ech., pgs. 101-108.  Plaintiff alleges that the petition for possession falsely represented that plaintiff's father never re-married.  *See e.g.*, Petition (and plaintiff's notations thereto); Compl., Ech., pg. 106.

Pretermitting the fact that, by all accounts, Frank Moore, Sr. and Elnora Thomas are deceased[3] and therefore not proper parties to this action, it is well-established that "[a] private citizen does not become a state actor simply by filing a private civil action, even where authorized by state statutes . . ."  *Johnson ex rel. Wilson v. Dowd*, 305 Fed. Appx. 221 (5th Cir. Dec. 15, 2008) (unpubl.) (citation and internal quotation marks omitted).  Furthermore, the complaint does not contain any factual allegations sufficient to confer state actor status upon James Yeldell via a conspiracy claim with the judge who signed the 1972 judgment of possession.  *See Johnson, supra* (vague and conclusory allegation that defendants acted "in concert and under the color of authority" to violate the plaintiffs' constitutional rights did not suffice to withstand dismissal).  Therefore, plaintiff fails to state a cognizable civil rights claim against these defendants.

VI.     **Plaintiff's Claims for Declaratory Relief are Further Subject to Dismissal under** *Younger v. Harris*

According to the exhibits attached to plaintiff's complaint, her state court action remains pending before Judge Leehy, with no final judgment having been entered.  (Aug. 18, 2011, Per

---

[3] *See* Compl. Exh., pgs. 26-27, 32.

Curiam, Compl., Ech. Pg. 111).[4]  Under *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746 (1971), "federal courts must refrain from considering requests for injunctive or declaratory relief based upon constitutional challenges to ongoing state civil proceedings." *Price v. Porter*, 351 Fed. Appx. 925, 927 (5th Cir. Nov. 2, 2009) (unpubl.) (citation omitted).  Although *Younger* abstention presupposes an adequate state court remedy, it only requires an *opportunity* to present the federal claim in state court. *Ballard v. Wilson*, 856 F.2d 1568, 1571 (5th Cir. 1988) (citation omitted).

Here, not only are there no allegations that plaintiff will not have the opportunity to present her federal claims in state court, plaintiff filed herein copies of her state court submissions indicating that she *did* raise her constitutional challenges in the state court proceedings.  *See e.g.*, Writs to the Louisiana Court of Appeal for the Second Circuit and the Louisiana Supreme Court; Pl. Compl., Ech. pgs. 33-43, 59-66.  Accordingly, *Younger* is applicable, and plaintiff's claims for declaratory and/or injunctive relief must be dismissed.  *See Price, supra*.

**VII.  Amendment**

Generally, the court should not dismiss a pro se complaint without affording the plaintiff an opportunity to amend her complaint.  *Ybarra v. Meador*, 427 Fed. Appx. 325, 326 (5th Cir. June 3, 2011) (unpubl.) (citation omitted).  Thus, to the extent that plaintiff harbors a *good faith* basis to redress, via amendment, the proposed grounds for dismissal set forth herein, she should promptly effect same.

---

[4] Albeit, plaintiff unsuccessfully petitioned the Court of Appeal for the 2nd Circuit and the Louisiana Supreme Court for supervisory writs.

## Conclusion

For the foregoing reasons,

**IT IS RECOMMENDED** that plaintiff's claims against defendants, the Louisiana Court of Appeal for the Second Circuit (sometimes referred to in the complaint and attachments as "The Second Circuit Court of Appeal" or the "Louisiana Court of Appeals"), and the Fourth Judicial District Court for the Parish of Morehouse (referred to in the complaint as "Fourth District Court Morehouse Parish"), be **DISMISSED, with prejudice**.

**IT IS FURTHER RECOMMENDED** that plaintiff's claims against defendant, the Louisiana Supreme Court, be **DISMISSED, without prejudice**, for lack of subject matter jurisdiction. Fed.R.Civ.P. 12(b)(1).

**IT IS FURTHER RECOMMENDED** that plaintiff's individual capacity claims against Judge Scott Leehy be **DISMISSED, with prejudice**.

**IT IS FURTHER RECOMMENDED** that plaintiff's official capacity claims against Judge Scott Leehy be **DISMISSED, without prejudice**, for lack of subject matter jurisdiction. Fed.R.Civ.P. 12(b)(1).

**IT IS FURTHER RECOMMENDED** that plaintiff's claims against Amy Ellender; James Yeldell (incorrectly referred to in the caption and body of the complaint as "James Yendell"); Frank Moore, Sr.; and Elnora Thomas be **DISMISSED, with prejudice**

Finally, the recommended dismissals are subject to plaintiff's right to amend her complaint to cure, *provided she has a good faith basis for doing so*, the legally deficient allegations against some or all defendants, within the deadline to file objections to this report and recommendation. *See* below.

15

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, at Monroe, Louisiana, this 9th day of March 2012.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE